**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| CHAMBERS OF<br>STEPHANIE A. GALLAGHER<br>UNITED STATES MAGISTRATE JUDGE | 101 WEST LOMBARD STREET<br>BALTIMORE, MARYLAND 21201<br>(410) 962-7780<br>Fax (410) 962-1812 |

May 28, 2014

LETTER TO COUNSEL:

      RE:    *Cheryle Amanda Roberts v. Commissioner, Social Security Administration*;
               Civil No. SAG-13-2520

Dear Counsel:

      On August 29, 2013, the Plaintiff, Cheryle Amanda Roberts, petitioned this Court to review the Social Security Administration's final decision to deny her claims for Supplemental Security Income and Disability Insurance Benefits. ECF No. 2. I have considered the parties' cross-motions for summary judgment, and Ms. Roberts's reply. ECF Nos. 21, 23, 24. I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will grant the Commissioner's motion and deny Plaintiff's motion. This letter explains my rationale.

      Ms. Roberts filed her claims for benefits on May 19, 2009, alleging a disability onset date of October 11, 2008.[1] (Tr. 295-301). Her claims were denied initially and on reconsideration. (Tr. 152-59, 160-63). Hearings were held before an Administrative Law Judge ("ALJ") on December 29, 2010 and March 2, 2011 before he issued an initial opinion denying benefits on June 23, 2011. (Tr. 82-129, 134-47). The Appeals Council remanded the case for further consideration on May 17, 2012. (Tr. 148-51). A third hearing was held on February 20, 2013 before another ALJ. (Tr. 36-79). Following that hearing, on March 12, 2013, the ALJ again determined that Ms. Roberts was not disabled within the meaning of the Act. (Tr. 16-35). This time, the Appeals Council denied Ms. Roberts's request for review, (Tr. 1-4), so the 2013 ALJ decision constitutes the final, reviewable decision of the agency.

      The ALJ found that Ms. Roberts suffered from severe impairments of "obesity, degenerative joint disease of the knees, status-post resection of ameloblastoma from left mandible (2002), status-post ameloblastoma removal from left mandible (10/17/11), and major depressive disorder." (Tr. 22). Despite these impairments, the ALJ determined that, Ms. Roberts retained the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except she can only occasionally operate foot controls with the left foot. She can

---

[1] Ms. Roberts later amended the alleged disability onset date to January 1, 2010. (Tr. 40-41).

*Cheryle Amanda Roberts v. Commissioner, Social Security Administration*;
Civil No. SAG-13-2520
May 28, 2014
Page 2

>  frequently operate foot controls with the right foot.  She can only occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl.  She can never climb ladders, ropes, and scaffolds.  She would need to avoid concentrated exposure to extreme cold and heat, excessive vibration, hazardous moving machinery, and unprotected heights.  She can only perform simple, routine, and repetitive tasks in a low stress work environment.  "Low stress" means no strict production quotas.  She can only occasionally and superficially interact with the public, coworkers, and supervisors.

(Tr. 24).  After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Roberts could perform jobs existing in significant numbers in the national economy, and that she was not therefore disabled.  (Tr. 28-29).

Ms. Roberts argues on appeal that the ALJ erroneously disregarded a portion of the opinion from Dr. Payne, a state agency psychologist, and omitted that portion of the opinion from the hypothetical presented to the VE.  Accordingly, Ms. Roberts posits, the VE's testimony is invalid.  I disagree.

Ms. Roberts specifically relies upon Dr. Payne's finding of a "moderate limitation in ability to perform at a consistent pace without an unreasonable number and length of rest periods."  Pl. Mot. 12.  Ms. Roberts is correct that Section I of Dr. Payne's opinion, contains a check box indicating that Ms. Roberts was "moderately limited" in that area, (Tr. 506).  However, the relevant portion of a physician's opinion is not Section I, which sets forth a series of "check the box" rankings, but Section III, which provides a narrative functional capacity assessment.  See Program Operations Manual System DI 24510.060B (Mental Residual Functional Capacity Assessment), available https://secure.ssa.gov/apps10/poms.nsf/lnx/0424510060 ("Section I is merely a worksheet to aid in deciding the presence and degree of functional limitations and the adequacy of documentation and does not constitute the RFC assessment.").  In Section I, which is entitled "Summary Conclusions," a physician is limited to choosing between "Not Significantly Limited," "Moderately Limited," or "Markedly Limited" for patients with some degree of limitation in a particular area.  There is no definition of those categories on the form, and the form provides that "Detailed explanation of the degree of limitation for each category . . . is to be recorded in Section III."  *See, e.g.,* (Tr. 505).  Because Section I does not include the requisite level of detail to inform the ALJ's opinion, an ALJ need not address each of the Section I limitations.  *See, e.g., Andrews v. Astrue*, Civil No. SKG–09–3061, slip op. at *39 (D. Md. Oct. 25, 2011) (noting that "even if the ALJ had not explicitly addressed each of the mental function limitations appearing on Section I of the mental RFCA, he was not required to do so."). Moreover, the ALJ adequately addressed the limitations found in Dr. Payne's Section III functional capacity assessment.  The ALJ limited Ms. Roberts to "simple, routine, and repetitive tasks in a low stress work environment.  'Low stress' means no strict production quotas." (Tr. 24).  That assessment is fully consistent with Dr. Payne's Section III conclusions that, "The claimant's ability to sustain attention and concentration and persist to task completion is affected by the affective [disorder].  The claimant is likely to function best with routine tasks that can be completed at her own pace." (Tr. 507).

*Cheryle Amanda Roberts v. Commissioner, Social Security Administration*;
Civil No. SAG-13-2520
May 28, 2014
Page 3

Accordingly, I find no error in the consideration of Dr. Payne's opinion. I have also reviewed the remainder of the ALJ's opinion and the record in this case, and find no error warranting remand.

For the reasons set forth herein, Plaintiff's motion for summary judgment (ECF No. 21) will be DENIED and the Commissioner's motion for summary judgment (ECF No. 23) will be GRANTED. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge